848 F.2d 184
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
A.H. ROBINS COMPANY, INCORPORATED; Aetna Casualty & Surety
Company, Plaintiffs-Appellees,
v.
John BAKER; Bradley Post; Robert E. Manchester; Hubert C.
Childress, Jr.; James F. Szaller; Norbert J. Garney;
Norine Phillip; Neil Rossman; William E. Snead; Joan
Rachlin; Mari C. Bush; Charles M. Delbaum; Joseph F.
McDowell, III; Michael F. Colley; Michael D. Eriksen;
John F. Romano; George James Mallios; Douglas E. Smith;
Mary Beth Ramey; Gene E. Schroer; Frederic A. Bremseth;
J. Kathleen Learned; Julie C. Reedy, Defendant-Appellant.
 No. 87-3879.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 2, 1988.
Decided: May 16, 1988.
 
 John T. Baker (Bragg & Dubofsky, P.C.; Joseph F. McDowell, III; Cullity, Kelley & McDowell, on brief), for appellants.
 Walter Scott Street (A. Peter Brodell; Williams, Mullen, Christian & Dobbins, on brief); James S. Crockett, Jr. (William R. Cogar; Clifford W. Perrin, Jr.; Linda J. Thomason; Mays & Valentine; Michael L. Cook; Dennis J. Drebsky; Alexia Ranney-Marinelli; Skadden, Arps, Slate, Meagher & Flom; John G. Harkins, Jr.; Deborah F Cohen; Pepper, Hamilton & Scheetz, on brief), for appellees.
 Before DONALD RUSSELL, WIDENER and CHAPMAN, Circuit Judges.
 CHAPMAN, Circuit Judge:
 
 
 1
 John Baker, et al. ("Plaintiffs' Counsel") appeal the order of the district court awarding attorneys' fees under a consent order to A.H. Robins Company, Inc. and Aetna Casualty & Surety Company. While we agree that the consent order is valid in that attorneys' fees should be awarded, we remand this case because we believe Plaintiffs' Counsel should have the opportunity to cross-examine the attorneys involved before the amount of the fees is set.
 
 
 2
 * On August 8, 1986, Plaintiffs' Counsel filed suit on behalf of some 200 plaintiffs alleging injuries caused by the Dalkon Shield.[1] The action, styled Anderson, et al. v. Aetna Casualty & Surety Co., No. 86-1672-K (D.Kan.), named Aetna as defendant rather than Robins in an effort to overcome the district court's order enjoining suits against Aetna and other co-defendants as upheld by this court in A.H. Robins Co. v. Piccinin, 788 F.2d 994 (4th Cir.1986). Plaintiffs' Counsel were aware that Robins was in reorganization and that all actions against and involving the debtor were stayed. Nevertheless, Plaintiffs' Counsel contend they believed the action was distinguishable from Piccinin and not violative of the stay or the court's injunctive order.
 
 
 3
 After unsuccessfully seeking a voluntary dismissal of Anderson, Robins and Aetna commenced a civil contempt proceeding in Robins' Chapter 11 case against Plaintiffs' Counsel for violation of the court's injunctive order. The district court ordered Plaintiffs' Counsel to appear on September 4, 1986 to show cause why they should not be held in contempt. During the course of the proceedings, Plaintiffs' Counsel became convinced that if the hearing were to proceed, they would be found in contempt. Rather than take this risk, Plaintiffs' Counsel entered into a consent order with Robins and Aetna agreeing (1) to dismiss the Anderson action, without prejudice, and (2) that each would pay an equal share of Robins' and Aetna's attorneys' fees and costs incurred because of the Anderson action.
 
 
 4
 The Anderson action was dismissed without prejudice on November 13, 1986. Plaintiffs' Counsel objected, to Aetna's and Robins' applications for attorney's fees. The district court heard arguments on the objections, and decided that any objection to the reasonableness of the fees would be determined by the court on the basis of affidavits.
 
 
 5
 Plaintiffs' Counsel argued that it would never have entered into the consent order had it known that Skadden, Arps, Slate, Meagher & Flom, bankruptcy counsel for Robins, had also represented Aetna in certain unrelated matters. Skadden Arps discontinued their representation of Aetna shortly after a conflict of interest was disclosed. Plaintiffs' Counsel also argued that Robins is estopped from enforcing the injunctive order staying suits against Aetna since it allowed a similar suit, Breland v. Aetna Casualty & Surety Co., No. 86-0315-R (E.D.Va.), to go forward. Finally, Plaintiffs' Counsel argued that the court lacks jurisdiction and that the requested attorneys' fees are excessive.
 
 
 6
 The district court found jurisdiction under 11 U.S.C. Sec. 362 (1982) and determined that Plaintiffs' Counsel's objections were without merit. Specifically, the court concluded that any conflict of interest that had existed because of Skadden Arps' representation had been resolved, and that Plaintiffs' Counsel's argument in this regard was at best speculative. The court also noted that the Breland action was not intended to open a floodgate of litigation against Aetna, but rather it was filed with the court's acquiescence in an effort to monitor the progress of a suit by claimants against Aetna alone. Finally, the court made some minor adjustments in the fee requests and awarded Aetna $18,051.11 and Robins $9,278.47, holding that these amounts were reasonable.
 
 II
 
 7
 Since the district court's decision in this case, we decided Oberg v. Aetna Casualty & Surety Co., 828 F.2d 1023 (4th Cir.1987). In light of Oberg, it appears the district court misstated its grounds for jurisdiction. Oberg teaches that Sec. 362 does not provide jurisdiction for staying actions which seek no recovery from the debtor or property of the debtor, specifically, Robins' insurance proceeds. 828 F.2d at 1025-26. However, Oberg holds that both 11 U.S.C. Sec. 105 (1982)[2] and 28 U.S.C. Sec. 1334 (1982)[3] give the court general equity power to stay litigation that could interfere with the reorganization of the debtor. 828 F.2d at 1026. It is therefore unquestionable that the court had jurisdiction over this matter and was empowered to enter the consent order.
 
 III
 
 8
 In Swift & Co. v. United States, 276 U.S. 311 (1928), the Supreme Court held that a consent decree is always affirmed, without considering the merits of the case, unless there is a claim of lack of jurisdiction, lack of actual consent or fraud in the procurement. 276 U.S. at 323-24. Therefore this court's review is properly limited to those areas.
 
 
 9
 As we have stated above, the court had jurisdiction of the matter and the consent order was properly entered. Plaintiffs' Counsel did not argue directly that their objections demonstrate a lack of actual consent or fraud in the procurement; indeed, such an argument, if made, would fail. We, therefore, agree with the district court's conclusion that the consent decree is valid and should be properly enforced. Consent to the setting of fees, however, is not unconditional consent to the amount of the fees.
 
 IV
 
 10
 We are troubled by the amount of the fees awarded by the district court. We question whether $27,000 in fees is reasonable when they were generated in such a short period of time over the issue presented by the filing of Anderson.[4]
 
 
 11
 The Robins' Chapter 11 case and related proceedings will undoubtedly present the court with the question of attorneys' fees over and over again. Setting the fees in this case on the basis of affidavits alone did not provide an adequate opportunity for one to challenge the amount of the fee requests, and does not present us with a proper record on appeal. We believe a hearing, where attorneys may testify and are subject to examination by the opposing attorneys and the court regarding the bases of their fees, is the best way to determine the reasonableness of the requests and what adjustments, if any, should be made.
 
 V
 
 12
 In conclusion, while we agree with the district court's decision that the consent decree is valid and that it should be properly enforced, we remand this case for further proceedings on the issue of reasonableness.
 
 
 13
 REMANDED.
 
 
 
 [1]
 The action was later amended to add some 4,000 plaintiffs, all of whom have asserted Dalkon Shield claims in Robins' Chapter 11 bankruptcy proceeding
 
 
 [2]
 Section 105(a) provides:
 The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.
 
 
 [3]
 Section 1334 grants the district court the inherent power to stay a third-party suit under the general equitable powers enabling it to efficiently manage its dockets. Williford v. Armstrong World Indus., 715 F.2d 124, 127 (4th Cir.1983)
 
 
 [4]
 We are particularly concerned by the summary nature of the statement from Aetna's Philadelphia counsel and the possible duplication of charges in all the statements offered to the court